ANTONIO DI LIBERO *vs.* PAOLO PACITTO *et ux.*

FEBRUARY 27, 1946.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This bill in equity was brought to have a trust, in favor of the complainant, declared in certain real estate, the legal title to which was in the names of the respondents; and for other relief incidental thereto. In the superior court, after a hearing on bill, answer and proof, a final decree was entered declaring respondents to be trustees of that property for the benefit of complainant and ordering them to convey the legal title to him. The cause is here on respondents' appeal from that decree.

The evidence for the complainant shows the following facts:  The property in question, consisting of one lot of land improved by a three-family house, is located at 61 Danforth street in the city of Providence. Prior to the purchase hereinafter referred to, the house was uninhabitable, having been greatly damaged by fire and other causes.  On April 26, 1940, the complainant and his cousin Giuseppe Di Libero agreed to purchase this property from Peter Signore, the real owner, for the price of $1800, payable $200 in cash and the balance by assuming an existing mortgage of $1100 to the Union Trust Company and by giving a second mortgage in the sum of $500 to Signore or his nominee.  The complainant and his cousin each contributed $100 of the cash payment to Signore, who gave them a receipt showing the location of the property, the purchase price and terms of payment.  Complainant's cousin, however, withdrew from the transaction and by agreement complainant received credit for the entire $200 cash payment.

During the following month, and before the deed was delivered, complainant moved into the house and proceeded to make it habitable.  Major repairs and improvements involving labor and materials costing several hundred dollars were

made by or at the order of the complainant and were paid for entirely by him. Much of this, including considerable material and labor provided by a licensed plumber and by a licensed electrician, was accomplished before the respondents knew of the proposed sale or of the transaction whereby the legal title was eventually conveyed to them.

Several years previously the complainant had given a mortgage on other property which had been foreclosed in 1932 or 1933; and he asked the respondents to do him the favor of taking title in their names for his benefit, because someone had said: "When you lose the property the mortgagee can come on the other properties if you buy it." When respondents agreed to do this, the owner Signore thereupon made an application in their names for an owners' title insurance policy and the transaction was subsequently carried out at the office of the title company on June 22, 1940 in the presence of the owner, the complainant, the respondents, and a representative of the title company. The owners of record executed a deed to the property, subject to the existing first mortgage of $1100, to the respondents, who are husband and wife, and they made and delivered a note and second mortgage in the sum of $500 to the owner's nominee. The revenue stamps on the deed indicated a total purchase price of $1800 and the title policy was written in the same amount. The deed was thereafter recorded and returned to these respondents.

The second mortgage of $500 was later paid from the proceeds of a loan in that amount obtained by complainant from Carmine A. Colaluca, who corroborated this fact, as did Maria Mallozzi in whose tenement and presence the loan was made. The complainant also furnished the respondents with moneys which they used to pay the balance due on the first mortgage at the bank. The reason for this was because the complainant, who was employed at good wages in the shipyard, could not easily get to the bank during business hours, whereas respondent Paolo Pacitto, who had not worked for a couple of years during which he received $13.05

weekly under the workmen's compensation act, had time to go to the bank.

All payments of mortgage interest and principal, taxes and other expenses concerning the property, including the cost of repairs and improvements to the house, were made with money provided entirely by the complainant for such purposes. In this connection complainant also paid the respondent Paolo Pacitto the sum of $228 for the latter's services in helping with certain stucco work which was not begun until some time after the conveyance to respondents. The complainant rented the tenements, fixed the terms of the tenancies, collected the rents and managed the property, all without control or direction by the respondents. He caused certain of the tenants to be ejected therefrom, the actions being necessarily brought in the names of the respondents as the titleholders, but the attorney's fees therein actually were paid by the complainant.

Finally, as the complainant stated, when "I have finished everything about the house and my mind is quiet down", he requested the respondents "to fix this thing" by conveying the property to him. The respondent Paolo Pacitto first urged him to leave the property in respondents' names as a protection against creditors and finally refused to make the conveyance. Suit was then brought to establish, by way of a resulting trust, the complainant's ownership of this property and to compel the respondents to convey the legal title thereto to the complainant.

On the other hand, the evidence for the respondents on vital facts was in conflict with that introduced by the complainant. This evidence tended to show that the respondents purchased the property from Signore for $1600, payable by the assumption of the existing first mortgage of $1100 and the giving of a second mortgage of $500 to the owner; that the respondents paid the bills at the title company and provided the money to pay all the taxes, interest, water bills and other charges against the property; and that they paid with their own money the second mortgage of $500 and

the balance of $624.91 due on the existing first mortgage to the Union Trust Company.

The respondents testified that they provided the money for whatever payments were made by the complainant. They admitted that the complainant did considerable work in repairing and improving the house, and that he took charge completely of rentals and collections; but they insisted that he had done so as their agent, for which services he had received free rent. The respondents further testified that they hired and paid the attorney who brought ejectment proceedings against the above-mentioned tenants. They admitted that they knew nothing of the improvements and repairs made and paid for by the complainant just prior to their taking of the deed in their names. The respondent Paolo Pacitto insisted that the real purchase price of the property was $1600, although his wife conceded that it was $1800; and neither of the respondents explained or refuted the fact that the complainant had paid $100, and by agreement had received credit for the additional $100 paid by his cousin in cash to the owner on April 26, 1940 as part of the consideration. They explained their ability to pay the $500 on the second mortgage and the final payment of $624.91 on the first mortgage merely by a general reference to some money which they claimed was in their possession in their home.

The trial justice in his decision made several specific findings of fact and then, in substance and effect, concluded that at the time the deed was taken in the names of respondents —as well as at all times prior and subsequent thereto—the complainant had furnished all of the money and consideration for that conveyance, for the payment of the two mortgages and other obligations involved in the consideration, and for the repairs and improvements to the house; and that no part of the consideration for that conveyance or of the other payments was made with any money furnished by the respondents. He further found that the complainant was at all times the owner of the beneficial interest in the prop-

erty; that the respondents had taken the legal title thereto as a favor to the complainant with the knowledge and understanding that it was being held by them for his use and benefit; and that the complainant, being the true owner of the property, was entitled to have the respondents make a conveyance of the legal title to him.

The respondents first contend that in order to justify the creation of a resulting trust in real estate the evidence relied upon must be full, clear and satisfactory, citing *Reynolds* v. *Blaisdell*, 23 R. I. 16, at 19. They argue that the complainant here has failed to produce such evidence. The transcript discloses that during the trial the cited case was called to the trial justice's attention and he then clearly recognized the law relating to the creation of resulting trusts to be as therein stated. That principle of law is not new. It has been stated and applied in many cases involving the creation of trusts by operation of law, especially where the relation between the parties was that of husband and wife or of parent and child. See *Aborn* v. *Searles*, 18 R. I. 357, 358; *Cetenich* v. *Fuvich*, 41 R. I. 107; *Tucker* v. *Tucker*, 67 R. I. 29, 33. No such relation, however, appears in this case.

In applying the pertinent principles of law to the evidence in the instant cause, the trial justice found that the complainant had proved by clear, full and satisfactory evidence the necessary facts from which the law created a resulting trust in that property at the time of the conveyance of the legal title to the respondents. In our opinion, if the complainant's evidence is believed, there can be no question but that this evidence satisfies all the requirements of law governing the creation of such trusts. The complainant's evidence, if believed, clearly shows that all the consideration for the transfer of title into the respondents' names was furnished at that time by the complainant and not by the respondents and that the respondents then understood that they were to hold the property for the benefit of complainant. There was no claim by respondents that the conveyance was intended as an advancement or gift to them and there

was no evidence to support any presumption or claim to that effect.

The trial justice, who saw and heard the witnesses, passed upon their credibility and expressly stated that he believed the evidence for the complainant and did not believe the evidence for the respondents. He pointed out wherein the complainant's testimony was corroborated in vital details by that of other witnesses and by other facts in evidence, whereas the evidence for the respondents was not thus corroborated. From an examination of the transcript we cannot say that the trial justice either misconceived or misapplied the law as stated in the above-cited cases. There is credible evidence to support his conclusions and we are unable to say that his decision, based upon conflicting evidence, was clearly wrong. The respondents' first contention, therefore, is without merit.

The respondents next contend that the decree is based entirely upon evidence of statements made subsequent to the transfer of the title to the respondents, whereas a resulting trust in real estate must be based upon payments of consideration made at the time when the title is conveyed. This is not a correct summary of the evidence nor of the decision upon which the decree was based. The trial justice found that the entire consideration at the time of the conveyance of title to the respondents was furnished by the complainant and that no part thereof was furnished by the respondents. The evidence of declarations and of conduct of the parties happening after the transaction was admitted and considered by the trial justice so far as it threw light upon their knowledge and intention at the time of the conveyance itself and upon the true conditions then existing. Similar evidence for such purpose has been held to have been properly admitted and considered. *Paulson v. Paulson,* 50 R. I. 86. There is no error on this issue.

The respondents further contend that the complainant was not entitled in equity to affirmative relief, because legal title to this property was taken in their names in order to

hinder, delay and defraud a creditor of the complainant. See general laws 1938, chapter 482. In this connection the trial justice expressly stated that he would have denied affirmative relief if there had been any evidence that a creditor of the complainant was in fact defrauded, hindered or delayed by this transaction; and that he purposely had given the respondents ample opportunity to present any evidence that would help them on this issue. According to his view there was no evidence whatever to support a conclusion that the complainant had any creditor at the time of the conveyance. There was uncontradicted evidence that no debt was outstanding and no claim of any kind had been made against the complainant at the time this property was conveyed to the respondents. There is no merit in respondents' contention on this issue.

The respondents finally contend that since the trial justice failed to pass adversely upon their testimony as to certain payments allegedly made by them, the complainant should be required to reimburse them for moneys so advanced and used in acquiring the real estate, as shown by their possession of certain receipts and documents. The answer to this contention is that the trial justice found specifically upon credible evidence that the complainant and not the respondents had furnished the money for all such payments, including the cost of labor and materials in repairing and improving the house; and further that the complainant had paid respondent Paolo Pacitto for the services which he had rendered in assisting the complainant. On such findings it is obvious that the trial justice did pass adversely upon the respondents' testimony concerning these alleged advancements.

The appeal of the respondents is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Raphael Vicario*, for complainant.

*Michael Addeo, Ralph Rotondo*, for respondents.